# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE D. ANGELI,**
**Claimant Below, Petitioner**

**vs.)  No. 15-1046** (BOR Appeal No. 2050441)
(Claim No. 2015003196)

**MOUNTAIN MISSION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce D. Angeli, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mountain Mission, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 29, 2015, in which the Board affirmed an April 7, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 25, 2014, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Angeli, a furniture salesperson, alleges he was injured while lifting a couch on June 6, 2014. Treatment notes from St. Francis Hospital emergency room that evening indicate Mr. Angeli did a lot of lifting at work and developed pain in his lower back. It was noted that there was no specific trauma, but also says that he was lifting a couch when the pain started. He was diagnosed with back strain. A lumbar x-ray showed osteoarthritis with a large osteophyte at L1-2. The employee's and physician's report of injury indicates Mr. Angeli injured his lumbar spine while lifting a couch. He was to take four days off and then return on modified duty. The injury was listed as a lumbar sprain that aggravated degenerative disc disease in the lumbar spine.

1

A few days prior to the alleged injury, Mr. Angeli's physician, Jerry Stapleton, D.O., stated in a letter that Mr. Angeli was a patient of his who he had been treating for colitis, a hiatal hernia, and gastroesophageal reflux disease. He recommended light duty work for at least two weeks. Mr. Angeli requested the time off or light duty for his reflux and hernia problems. A June 6, 2014, light duty/return to work restrictions form indicates Mr. Angeli would be a clothes sorter/relief cashier for two weeks. It indicates Mr. Angeli stated he needed to consider it. In additional comments, Craig Thomas, a supervisor, stated that Mr. Angeli failed to inform him of his decision regarding light duty. He further stated that Mr. Angeli was relieved of work that day by another employee and his back strain could not have happened at work because he did not perform his job duties that day.

On September 23, 2014, Jay Humphreys stated in an affidavit that he is the operations manager for the employer. He said that Mr. Angeli requested two weeks off on or around June 6, 2014, for gastroesophageal reflux disease and a hernia. Mr. Humphreys relayed that Mr. Angeli only had twelve hours of personal time left. Mr. Angeli stated he would call his doctor to get the paperwork.

In an affidavit, Kerry Wilfong stated that she was acting supervisor on the day of the alleged injury. She said that Mr. Angeli did not report an injury to her that day. She did not see him lift anything heavy and she was aware he was on light duty. Tammy Connery and Kellie Burgess, co-workers, also stated in affidavits that they did not see Mr. Angeli sustain an injury and he did not mention an injury to them. Mr. Thomas stated in an affidavit that on June 6, 2014, he went to the location Mr. Angeli works and worked from 3:00 to 5:00 pm. He was asked to go there to cover for him in case anything heavy needed to be lifted. Mr. Angeli never mentioned hurting his back that day.

Mr. Angeli testified in a deposition on October 13, 2014, that his position required him to sell and move furniture. He stated that on June 6, 2014, he was moving a couch and felt pain in his lower to mid-back. He stated that the manager was on vacation that day and he could not find the incident forms to fill one out. He sought treatment that day and was diagnosed with a back strain. He stated that he requested two weeks off for his back to heal but that was denied. Mr. Angeli testified that he did not sign the temporary light duty position papers because his job was not guaranteed when he returned from light duty work. He testified that nine months prior, he injured his back at work lifting furniture and was told the company would take care of the bills if the incident was not reported. He did not report the injury to the insurance company. He also testified that he was in a car accident in the late 80s in which he injured his lower back.

Mr. Humphreys testified in a December 12, 2014, deposition that on June 4, 2014, Mr. Angeli requested two weeks off of work. He told Mr. Humphreys he had colitis, gastroesophageal reflux disease, and a hernia. Mr. Humphreys informed Mr. Angeli that he needed the proper paperwork and that he only had twelve hours of paid leave available. Mr. Humphreys testified that he got the paperwork on June 6, 2014, which stated that Mr. Angeli needed light duty. No position was available, so one was created for him. Mr. Angeli then requested time to think and stated he would make a decision the following Monday. He stayed at

2

work that day but another employee was brought in to perform his duties. On June 7, 2014, Mr. Humphreys received a text message from Mr. Angeli indicating he had been treated in the emergency room the previous day for his back. Mr. Humphreys stated that he requested paperwork, which he never received.

The claims administrator rejected the claim on July 25, 2014. The Office of Judges affirmed the decision on April 7, 2015. It found that Mr. Angeli's history of back problems did not prevent him from suffering a new injury. It noted that he did seek treatment on June 6, 2014, for lower back pain. However, the treating physician did not note an occupational injury and the boxes to indicate whether the injury was occupational or not were left unmarked. The Office of Judges found sufficient evidence that Mr. Angeli spoke with Mr. Humphreys, the operations manager, around 2:30 pm the day of the alleged injury regarding his request for two weeks off of work due to a non-work-related hernia and gastroesophageal reflux disease. Mr. Humphrey offered a light duty position, which Mr. Angeli ultimately turned down. The Office of Judges found no indication in the record that Mr. Angeli mentioned a lower back injury to Mr. Humphreys. Mr. Angeli asserted that he mentioned the injury to someone and that he requested an incident form but no one knew where they were located. The Office of Judges determined this was contradicted by numerous affidavits of co-workers who all stated that Mr. Angeli never indicated he was injured. Also, Mr. Humphreys stated that Mr. Angeli did not appear to be injured when they spoke the afternoon of the alleged injury. The Office of Judges concluded that a totality of the evidence failed to show that a compensable injury occurred. The Board of Review affirmed the Office of Judges' Order on September 29, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Angeli has failed to show that a compensable injury occurred in the course of his employment. Though he asserts he injured his back at work on June 6, 2014, he did not report the injury to anyone, including his co-workers or operations manager. Further, he was not even performing his regular duties on the day in question as his light duty work status was being processed for an unrelated, non-compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II